# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF TULSA, and RAY DRISKELL, in )<br>individually, and in his official capacity as )<br>Fire Chief of the Tulsa Fire Department, )<br>)<br>Defendants. ) | Case No. 14-CV-0152-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Strike Affirmative Defenses (Dkt. # 15). Plaintiff requests that seven affirmative defenses raised in the answer of City of Tulsa and Ray Driskell, in his official capacity as Fire Chief of the Tulsa Fire Department, (collectively "defendants")[1] be struck as irrelevant or inadequately pled. Dkt. # 15. Defendants respond that their affirmative defendants are relevant and adequately pled. Dkt. # 21.

## I.

On April 1, 2014, plaintiff filed a complaint (Dkt. # 2), and, on May 7, 2014, plaintiff filed an amended complaint (Dkt. # 8). Plaintiff alleges that he was wrongfully removed from the position of Administrative Chief and demoted "to field operations as a district chief." Dkt. # 8, at 2. Plaintiff alleges that Oklahoma statutes and the City of Tulsa's City Charter gave plaintiff "the right to hold his position (Administrative Chief) unless removed for good cause." Id. at 3. He alleges that he has been denied access to any administrative remedy, including to an "open trial."

---

[1] Ray Driskell has also been sued in his individual capacity. See Dkt. # 8. Ray Driskell has not answered in his individual capacity. Cf. Dkt. # 13.

Id. at 4. Plaintiff alleges that defendants have deprived him of his right to due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.[2] Id. at 5-6. Plaintiff further alleges that Driskell tortiously interfered with his economic relationship with the City of Tulsa. Id. at 8.

On June 3, 2014, defendants filed an answer to the first amended complaint. Dkt. # 13. Their answer included eleven defenses:

1. Plaintiff fails to state a claim for relief.
2. Plaintiff's claims must fail because his "promotion," if any, was void *ab initio*.
3. Plaintiff was, at most, a *de facto* employee not entitled to recovery here.
4. Plaintiff's claims may be barred in whole or in part by the Oklahoma Governmental Tort Claims Act, Okla. Stat. Tit. 51, Section 151 *et seq*.
5. Plaintiff's claims may be barred by laches.
6. Equitable Estoppel.
7. Defendants are or may be entitled to qualified or absolute immunity.
8. Plaintiff may have failed to mitigate his damages.
9. Plaintiff may have failed to exhaust administrative remedies.
10. If Plaintiff is deemed to have been demoted, the City had cause to do so.
11. Plaintiff has suffered no damages.

Id. at 6.

On June 24, 2014, plaintiff filed a motion to strike seven of the affirmative defenses raised by defendants. Dkt. # 15. Specifically, plaintiff challenges defendants' second, third, fifth, six, eight, ninth, and tenth defenses. Id. Plaintiff argues that the second and third defenses are irrelevant and that all seven of the identified defenses are insufficiently pled. Dkt. # 16. Defendants have responded (Dkt. # 21), and plaintiff has replied (Dkt. # 22).

---

[2] Plaintiff also alleges, as a separate cause of action, that his right to due process was deprived due to retaliation. Dkt. # 8, at 6-7.

**II.**

Under Rule 12(f), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy, Rule 12 motions to strike are generally viewed with disfavor and infrequently granted. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1057 (5th Cir. 1982); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380.

In order to succeed on a Rule 12(f) motion to strike a defense, the plaintiff must usually show prejudice. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381. However, a court should not strike a defense if it is not clearly insufficient as a matter of law or if it fairly presents questions of law or fact that the Court should hear. Id.; see also Carpenter v. Ford Motor Co., 761 F. Supp. 62, 65 (N.D. Ill. 1991) ("such motions are not favored and may be granted only if the defense is patently defective").

**III.**

**A.   Relevance of Defendants' Affirmative Defenses**

Plaintiff argues that defendants' second and third defenses should be struck as irrelevant. Dkt. # 16, at 3-6. First, plaintiff argues that defendants' affirmative defense that plaintiff's alleged promotion was void ab initio is irrelevant "in the context of a § 1983 due process case asserting a property right in employment." Id. at 4. This defense is not irrelevant; it goes to whether plaintiff possessed a property right in employment. The affirmative defense alleges that plaintiff had no property right because his alleged promotion was void ab initio. See Borde v. Bd. of Cnty. Comm'rs of Luna Cnty., N.M., 514 F. App'x 795, 806 (10th Cir. 2013) (holding that, because two

3

employment contracts were void ab initio, the two plaintiffs did not have protected property interests arising from the terms of the contracts).[3] This defense should not be struck for irrelevance. Second, plaintiff argues that whether he was a de facto employee has no bearing on his claims. Dkt. # 16, at 5-6. Defendants claim that this defense "strikes at the very heart of Plaintiff's allegations that his property and/or due process rights have been violated." Dkt. # 21, at 7. However, defendants have provided no explanation of how this defense is relevant or provided any authority implying that it is relevant. See id. Absent any explanation from defendants as to why this defense is relevant, this Court determines that it is irrelevant and should be struck.[4]

**B.      Sufficiency of Defendants' Pleadings**

Plaintiff argues that defendants' second, third, fifth, six, eight, ninth, and tenth defenses lack sufficient factual basis. Dkt. # 16, at 6-7. The Federal Rules of Civil Procedure require a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it" and to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b), (c). The Tenth Circuit has not determined whether the notice pleading standards of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny apply to affirmative defenses. "Numerous federal courts have held [that] an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice

---

[3]     This and all other unpublished opinions are not precedential, but are be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[4]     Therefore, this Court need not address defendants' argument that they need not "plead specific statutory or case law in support of their defenses [within their answer]." Dkt. # 21, at 7.

4

& Procedure § 1274 (footnote omitted). Other courts of appeals have determined that general statements of affirmative defenses are sufficient. See e.g., Holway v. Negro Leagues Baseball Museum, 263 F. App'x 538, 538 (8th Cir. 2008) (per curiam) (holding that defendant did not waive its statute of limitations defense by failing to cite the specific statute in its answer); Clem v. Corbeau, 98 F. App'x 197, 203 (4th Cir. 2004) (per curiam) (holding that defendant's answer "sufficiently encapsulated the elements of an affirmative defense to have put plaintiff on notice that defendant intended to rely on it).

The reason defendants are required to plead affirmative defenses is to avoid unfair surprise to the plaintiff. See Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008) ("The concern is that '[a] defendant should not be permitted to "lie behind a log" and ambush a plaintiff with an unexpected defense.'") (quoting Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987)) (alteration in original). In most cases, recitation of the specific affirmative defenses that may be applicable is sufficient to serve this purpose, because the nature of the defense may be inferred from the factual allegations already made in the complaint and answer.

The factual allegations contained in the complaint and answer are necessarily incorporated into a defendant's recitation of affirmative defenses. It would be absurd to require a defendant to re-plead every fact relevant to an affirmative defense. Further, it would be unreasonable to expect defendants to be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable, given that discovery has not yet occurred and the fact that defendants may waive affirmative defenses that are not plead. See Wanamaker v. Albrecht, No. 95-8061, 1996 WL 582738, at *5 (10th Cir. Oct. 10, 1996) ("While counsel often plead vast numbers of affirmative defenses without being sure whether the facts will ultimately support the defenses,

5

such pleading is done precisely so that the defenses will be preserved should discovery or further proceedings reveal factual support.").

Defendants' second affirmative defense (that any promotion was void ab initio) contains sufficient factual allegations to put plaintiff on notice. Defendants explain that they believe that any promotion of plaintiff would be void ab initio because it would have been in violation of the City of Tulsa's charter. Dkt. # 13, at 2. They allege the specific violation: that plaintiff was not promoted "by the Mayor based upon merit after competitive examination and impartial investigation by a seven-member Personnel Committee." Id. This provides sufficient notice to plaintiff as to the basis of this affirmative defense. The other five remaining[5] affirmative defenses (laches, equitable estoppel, failure to mitigate, failure to exhaust administrative remedies, and that defendants had cause to demote plaintiff) are all common affirmative defenses with common meanings. Simply stating the affirmative defenses provides plaintiff with sufficient notice of the nature of the defenses and preserves them. However, plaintiff should be provided with additional information as to how and why these affirmative defenses apply in this particular case. Therefore, while plaintiff's motion to strike should be denied, defendants should be required to file an amended answer detailing in a more explicit fashion how these five affirmative defenses apply to this case. Defendants may also attempt to restate their third affirmative defense in a manner that makes clear its relevance to these proceedings.

---

[5] As defendants' third affirmative defense (that plaintiff was, at most, a de facto employee) should be struck for irrelevance, see supra, whether it provides plaintiff with sufficient notice need not be addressed.

6

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (Dkt. # 15) is **granted in part and denied in part**; it is granted as to defendants' third affirmative defense, and it is denied as to the remaining defenses.

**IT IS FURTHER ORDERED** that defendants are to file an amended answer by **August 22, 2014**, that provides further factual basis for defendants' fifth, sixth, eighth, ninth, and tenth affirmative defenses, as well as the third if possible.

**DATED** this 15th day of August, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE