# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0152-CVE-FHM |
| | ) | |
| CITY OF TULSA, and | ) | |
| RAY DRISKELL, individually and in his | ) | |
| official capacity as Fire Chief of the Tulsa | ) | |
| Fire Department, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are defendants' motion for judgment on the pleadings (Dkt. # 23), and

motion for summary judgment (Dkt. # 24).[1] Defendants move to dismiss on the ground that the

amended complaint fails to state a claim upon which relief can be granted as to plaintiff's claims for

denial of due process, retaliation, and tortious interference. Dkt. # 23, at 15-31. They also argue that

plaintiff's claims against Fire Chief Driskell in his official capacity should be dismissed as

duplicative,[2] and that Fire Chief Driskell in his individual capacity is entitled to qualified immunity.[3]

---

[1]     Defendants' motions were filed as one document, but were docketed as separate entries pursuant to Northern District of Oklahoma CM/ECF Administrative Guide of Policies and Procedures IX(B). For ease of reference, cites will be to Dkt. # 23 unless referring solely to the motion for summary judgment.

[2]     Although defendants moved for relief under Rule 12(c), the Court will treat this portion of the motion as made under Rule 12(b)(6).

[3]     Defendants also argue that the Tulsa Fire Department (TFD) is not an entity capable of suit, and for that reason all claims against it should be dismissed. Dkt. # 23, at 22. As plaintiff correctly points out, the amended complaint does not name the Tulsa Fire Department as a defendant. Dkt. # 8.

Id. at 31-34. Plaintiff responds (Dkt. # 28) that defendants' motion for judgment on the pleadings should be treated as a motion for summary judgment and that disputed material facts make summary judgment inappropriate.[4] Defendants filed a reply (Dkt. # 31).

## I.

Plaintiff is a long-standing employee of the TFD, and his employment is governed by a contract with the City of Tulsa. Dkt. # 8, at 2, 8. Effective April 1, 2011, plaintiff was moved from his District Chief position to the higher-ranked Administrative Chief position. Id. at 2-3. His pay grade was increased, and he received benefits commensurate with the new position. Id. at 2. In early 2012, plaintiff applied for the position of Fire Chief of the City of Tulsa, as did defendant Ray Driskell and others. Id. Plaintiff and Driskell were among the final applicants considered, and Driskell was chosen to become the new Fire Chief. Id. at 2, 6. Plaintiff performed the duties of Administrative Chief from April 2011 to November 2012. Id. at 2.

On November 16, 2012, Fire Chief Driskell sent an e-mail to plaintiff and others that included, among other general departmental information, the news that plaintiff would be returned to his former position as District Chief. Id. at 7. Defendants did not state a cause for the change, nor did they provide plaintiff with notice or an opportunity to be heard. Id. at 4, 6. Plaintiff sought administrative remedies regarding the change, including an open trial before the City Council; no such remedy was granted. Id. As a result of the change in position, plaintiff's pay and benefits have decreased, his work schedule has changed significantly, and he has been forced to work additional

---

[4]    In his response, plaintiff attempted to move for summary judgment on his due process, retaliation, and tortious interference claims. Dkt. # 28. A party may not file a motion within a response to another party's motion. LCvR 7.2(e). If plaintiff had intended to file for summary judgment, he should have filed his motion in accordance with federal and local rules.

overtime. Id. at 4-5. Because of the rules regarding TFD pensions, plaintiff must now either retire early or take a reduced pension. Id. at 5. Since the change, Fire Chief Driskell has denied plaintiff other opportunities to advance his career as a firefighter. Id. at 7. Prior to filing this case, plaintiff brought an action in state court, Dkt. # 23-3; he later dismissed all defendants without prejudice. Moore v. City of Tulsa et al., No. CJ-2013-03615, Dkt. # 88893606 (Dist. Ct. Tulsa Cnty. April 1, 2014).

The City of Tulsa is governed by the charter of the City of Tulsa (the City charter). Dkt. # 23-1, at 2; see also OKLA. STAT. tit. 11, §13-101. In Oklahoma, municipal law as created by charter supersedes conflicting state law on issues of municipal concern. Tit. 11, § 13-109; see also Lee v. Norick, 1968 OK 173, ¶ 15, 447 P.2d 1015, 1017-18 ("We have held that by both the Constitution and the statute such charter provisions, when not inconsistent with the Constitution, supersede the statutes pertaining to municipal affairs, and thereby becomes the superior law in matters pertaining to municipal affairs." (citations omitted)). For purposes of their motions, defendants do not contest that the City charter governs. Dkt. # 23, at 14. The City charter contains the following relevant provisions:

- "The sworn members of the Fire Department . . . shall hold their respective positions during good behavior . . . unless removed for good and sufficient cause. No sworn member . . . shall be . . . demoted . . . except for good and sufficient cause and then only upon written charges filed by the Mayor or the Chief of the Fire Department. A written statement of charges in clear and concise language shall be served upon the person charged, and such person shall be summarily demoted . . . as requested in such charges, pending trial thereon."

- "Any person against whom written charges are filed, requesting . . . demotion . . . may within ten (10) days from the date of service of the charges upon the person file with the City Clerk a demand for an open trial before the Council. . . . The Council shall, within ten (10) days after demand, give the person charged an open hearing upon the charges."

- "All promotions shall be made by the Mayor upon the written recommendation of the Personnel Committee. All promotions shall be made solely on merit, efficiency, and fitness, which shall be ascertained by competitive examination and impartial investigation by the Personnel Committee."

Dkt. # 23-1, at 4, 5. The term "position," as defined in the TFD Administrative Operating Procedures, means "the function or office to which a member is assigned." Dkt. # 8, at 4.

## II.

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Defendants have moved for judgment on the pleadings, but plaintiff argues that the Court should consider defendants' motion as a motion for summary judgment because defendants included matters outside the pleadings in their motion. Dkt. # 28, at 1."If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d); see also David v. City & Cnty. of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996). Defendants included the following with their Rule 12(c) motion: a copy of relevant provisions of the City charter, Dkt. # 23-1; a partial copy of the collective bargaining agreement between the City of Tulsa and the International Association of Firefighters Local No. 176, Dkt. # 23-2; a copy of the petition that plaintiff filed in state court on August 2, 2013, Dkt. # 23-3; and an affidavit of J. Scott Clark, Deputy Chief of Field Operations for the TFD. Dkt. # 23-4.

Defendants argue that the Court may take judicial notice of some of the documents without converting the motion to a motion for summary judgment. Dkt. # 23, at 11 n.1. "[F]acts subject to judicial notice may be considered in a [Rule 12] motion without converting the motion to dismiss into a motion for summary judgment." Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). A

court may take judicial notice of "matters that are verifiable with certainty." St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). Such matters include public records. Id.; see also Tal, 453 F.3d at 1264 n.24. The City charter is a public record, and the Tenth Circuit has taken judicial notice of similar charters. See Melton v. City of Okla. City, 879 F.2d 706, 724 (10th Cir. 1989). The petition in plaintiff's state court proceeding is also a matter of public record of which the court can take judicial notice. See St. Louis Baptist Temple, Inc., 605 F.2d at 1172 ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). The Court will take judicial notice of the City charter and the petition in the state court action, and doing so does not require the Court to convert plaintiff's motion pursuant to Rule 12(d). However, the Court can find no basis for taking judicial notice of a private contract or an affidavit. Thus, the Court refuses to take judicial notice of defendants' remaining exhibits.

Defendants also argue that the Court need not convert the motion, even if some material remains outside the pleadings, because the Court can exclude that material from its consideration. Dkt. # 23, at 2 n.1. A court must convert a motion under Rule 12(c) if "matters outside the pleadings are presented to and not excluded by the court." FED. R. CIV. P. 12(d) (emphasis added). Therefore, the Court need not convert defendants' motion if the remaining matters outside the pleadings are excluded. See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). The Court will exclude from its consideration of the Rule 12(c) motion the collective bargaining agreement, Dkt. # 23-2, and the affidavit of J. Scott Clark, Dkt. # 23-4.

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th

Cir. 2000); accord Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223-24 (10th Cir. 2009). In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado, 493 F.3d at 1215; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

"Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006)

(quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)).

## III.

Plaintiff's first claim, brought under 42 U.S.C. § 1983, alleges that defendants deprived plaintiff of his Fourteenth Amendment right to procedural due process. Dkt. # 8, at 5. Defendants argue that plaintiff's claim fails as a matter of law because plaintiff cannot demonstrate a constitutional violation. Dkt. # 23, at 15. Section 1983 provides that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) "that the alleged violation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Defendants argue the first element only, without addressing the second. The Court will assume, for purposes of this opinion, that defendants do not contest that the alleged violation occurred under color of state law.

To meet the first element of § 1983, plaintiff alleges that defendants violated his Fourteenth Amendment right to due process when they deprived him of a protected property interest without adequate procedural safeguards. Dkt. # 8, at 5. The Fourteenth Amendment protects against the deprivation of "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. Procedural due process "ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision." Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998). Determining whether a plaintiff's right to procedural due process has

been violated is "a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" Id. (citing Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir. 1996)). Defendants argue that plaintiff did not possess a protected interest in the Administrative Chief position and, as a result, plaintiff cannot show a procedural due process violation. Dkt. # 23, at 16.

The first step in the inquiry requires plaintiff to possess a protected property interest to which due process applies, and plaintiff claims such an interest in the position of Administrative Chief. The Tenth Circuit applies the same analysis to determine whether an employee has a protected interest in employment generally or in a "particular employment status." Hennigh, 155 F.3d at 1254. "The standard for the existence of a property right in employment is whether the plaintiff has a legitimate expectation of continued employment." Id. at 1253. A protected property in public employment must derive not from the Constitution but from an "independent source such as state law." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). "State law sources for property interests can include statutes, municipal charters or ordinances, and express or implied contracts." Kingsford v. Salt Lake City Sch. Dist., 247 F.3d 1123, 1128 (10th Cir. 2001). "[I]f state statutes or regulations place substantive restrictions on a government actor's ability to make personnel decisions, then the employee has a protected property interest." Hennigh, 155 F.3d at 1253 (citing Campbell v. Mercer, 926 F.2d 990, 993 (10th Cir. 1991)). The City charter states that members of the TFD cannot be demoted "except for good and sufficient cause and then only upon written charges filed by the

Mayor or the Chief of the Fire Department." Dkt. # 23-1, at 4.[5] This is exactly the type of substantive restriction to which the Tenth Circuit referred in Hennigh. See Hennigh, 155 F.3d at 1254 ("[I]f the statute or regulation places substantive restrictions on the discretion to demote an employee, such as providing that discipline may only be imposed for cause, then a property interest is created." (citing Williams v. Kentucky, 24 F.3d 1526, 1537-38 (6th Cir. 1994)). Plaintiff appears to have a protected property interest in the position of Administrative Chief.

Defendants argue that, these precedents notwithstanding, plaintiff does not have a protected property interest in the position of Administrative Chief because his move to that position did not follow the guidelines in the City charter for promotions. Defendants rely heavily on Borde v. Board of County Commissioners of Luna County, N.M., 514 F. App'x 795 (10th Cir. 2013).[6] In Borde, the Tenth Circuit addressed, inter alia, whether two county employees had a protected property interest in contractual benefits when the underlying employment contracts were void. Id. at 806. The employees argued that the severance benefits clauses created a property interest even if they were part of a void contract. The Tenth Circuit held that a void contract is treated as having "never existed at all as a matter of law"; thus, the employees could have no property right arising from such a contract. Id. at 806. In addition to Borde, defendants cite numerous cases from other jurisdictions supporting the proposition that a plaintiff cannot have a protected property interest in employment

---

[5]     Although defendants do not contest the primacy of the City charter for purposes of this motion, the result at this point would be the same under Oklahoma law. State statute provides that "members of all paid municipal fire departments shall hold their respective positions unless removed for a good and sufficient cause." OKLA. STAT. tit. 11, § 29-104. Thus, both state statute and the City charter restrict the City of Tulsa's ability to make personnel decisions of the type at issue here.

[6]     Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

if the manner of hiring was void. E.g., Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988); Kauffman v. P.R. Telephone Co., 841 F.2d 1169, 1173 (1st Cir. 1988). Drawing on the holdings of these cases, defendants contend that, because plaintiff did not legitimately rise to the position of Administrative Chief, he cannot have a protected property interest in the position.

Defendants' argument cannot succeed at this stage of litigation. In a Rule 12(b)(6) or 12(c) motion, the Court must accept all of the well-pleaded allegations in the complaint as true, and it must construe the allegations in the light most favorable to claimant. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Court must "grant all reasonable inferences from the pleadings in favor of the [non-moving party]." Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Id. Defendants' argument requires the pleadings to show that plaintiff was not appointed to the Administrative Chief position in accordance with the City charter. However, the pleadings are silent as to the circumstances surrounding plaintiff's move to the higher position.[7] The reasonable inference from that silence, viewed in plaintiff's favor, is that proper promotion procedures were followed. At the least, defendants have not clearly established that no genuine dispute as to any material fact remains.

---

[7]     This issue was the subject of the affidavit of J. Scott Clark. Dkt. # 23-4. As discussed above, that affidavit was excluded from consideration of defendants' Rule 12(c) motion.

Lacking any facts showing that plaintiff was improperly promoted to the Administrative Chief position, the Court must assume for the purpose of this motion only that plaintiff was moved to the position in accordance with the City charter. The City charter contains restrictions on the ability to demote a member of the TFD. Dkt. # 23-1, at 4 ("No sworn member of the Fire Department shall be . . . demoted . . . except for good and sufficient cause and then only upon written charges . . . ."). Under Tenth Circuit precedent, those restrictions result in plaintiff having a protected property interest in the Administrative Chief position, satisfying the first step in the procedural due process inquiry. Hennigh, 155 F.3d at 1253.

The second step in the procedural due process inquiry analyzes whether the plaintiff received the appropriate level of process. Id. "The Due Process Clause of the United States Constitution entitles each citizen to notice and an opportunity to be heard prior to the deprivation of a fundamental right." Id. at 1256 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985)). "[F]ailure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause." Hicks v. City of Watonga, Okla., 942 F.2d 737, 746 n.4 (10th Cir. 1991) (quoting Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986)). In their amended answer, defendants admit that they did not provide plaintiff with the process required by the City charter. Dkt. # 27, at 5. The pleadings are silent as to any alternative process that defendants may have provided. Based on the well-pleaded allegations, plaintiff has alleged a protected property right in the Administrative Chief position and a failure to provide appropriate procedural protections, and, thus, has alleged sufficient facts to state a claim under § 1983.

Defendants' motion for judgment on the pleadings is denied as to plaintiff's § 1983 claim for denial of due process.

## IV.

Plaintiff's second claim is for "retaliation." Dkt. # 8, at 6. Plaintiff does not state the legal basis for this claim in the amended complaint, and the Court cannot determine the exact basis from reading the amended complaint and plaintiff's response to defendants' motions.[8] However, it is clear that plaintiff intended his retaliation claim to proceed under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), or 42 U.S.C. § 1983.

The pleadings do not state a claim under Title VII, which offers employees protection from employers who retaliate against them for "having opposed, complained of, or sought remedies for, unlawful workplace discrimination." Univ. of Tex. S.W. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2522 (2013) (citing 42 U.S.C. § 2000e-3(a)). A Title VII retaliation claim has three elements: "(1) [The plaintiff] was engaged in opposition to Title VII discrimination; (2) [the plaintiff] was subject to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." Jones v. Barnhart, 349 F.3d 1260, 1269 (10th Cir. 2003) (citing

---

[8] Plaintiff's references to possible legal theories for this claim are conflicting. In the amended complaint, plaintiff requests attorney's fees pursuant to 42 U.S.C. § 1988(b) if successful on his retaliation claim. Dkt. # 8, at 7. Such fees are available in an "action or proceeding to enforce a provision of section[] . . . 1983 . . . ." 42 U.S.C. § 1988(b). This would imply that plaintiff bases his claim in § 1983. However, in his response to defendants' motion, plaintiff cites Claudio v. Mattituck-Cutchogue Union Free School District, 955 F. Supp. 2d 118 (E.D.N.Y. 2013), to state the elements of a retaliation claim. Dkt. # 28, at 23. Claudio was decided under Title VII. Claudio, 955 F. Supp. 2d at 129; see also 42 U.S.C. § 2000e-2. This seems to imply that plaintiff bases his claim in Title VII, not § 1983. The language in the amended complaint similarly evokes both § 1983 and Title VII. Dkt. # 8, at 7 (stating that plaintiff had a "protected property interest" in the Administrative Chief position but also that he suffered an "adverse employment action" when he was denied opportunities to advance his career).

Sanchez v. Denver Pub. Schs., 164 F.3d 527, 533 (10th Cir. 1998)). At no point in the pleadings does plaintiff give any indication that the case involves unconstitutional discrimination, much less that plaintiff engaged in opposition to that discrimination. Nor do the pleadings demonstrate a causal connection between any discrimination and plaintiff's return to the District Chief position. Instead, the amended complaint ascribes to Driskell's actions the following intent: "[T]o consolidate his power as Fire Chief, get rid of his opposition, fill the top slots in the [TFD] with people who would not question him, and send a message to further opponents." Dkt. # 8, at 7. Assuming this allegation as true for the purpose of the Rule 12(c) motion, this shows that Driskell's motives were primarily political, not discriminatory. The pleadings do not state a claim for retaliation under Title VII.

Likewise, the pleadings are insufficient under § 1983. Retaliation claims under § 1983 come in three varieties: those based on retaliation for a public employee's exercise of First Amendment freedom of speech rights, e.g., Connick v. Myers, 461 U.S. 138 (1983); those based on retaliation for a prisoner's constitutionally protected actions, such as accessing the courts, e.g., Smith v. Maschner, 899 F.2d 940 (10th Cir. 1990); and those based on a retaliatory arrest or prosecution following an individual's exercise of a constitutional right, e.g., Hartman v. Moore, 547 U.S. 250 (2006). The common theme of these types of claims is that the defendant allegedly retaliated against the plaintiff after the plaintiff exercised a constitutional right. Based solely on the pleadings, plaintiff's case fits in none of these categories. The only constitutional right that plaintiff references in his amended complaint is his Fourteenth Amendment right to due process in relation to his demotion from the Administrative Chief position. See Dkt. # 8, at 7.[9]

_____

[9]    To allow plaintiff to base his claim of retaliation on his right to due process would, in essence, allow this plaintiff and others the opportunity to recover twice under § 1983 for the same constitutional violation by claiming that the constitutional violation was retaliatory.

In his response to defendants' motion, plaintiff appears to argue that the relevant constitutional right was his First Amendment right to free speech. Dkt. # 28, at 23-24 ("While a 'protected activity' can include the constitutional right to redress of grievances, this only applies when the plaintiff was speaking to matters of public concern."). Even if the Court assumes that plaintiff intended to bring a claim within the public employee line of cases, the pleadings are not sufficient. One of the purposes of the federal pleading standards, even after <u>Twombly</u> and <u>Iqbal</u>, is "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense." <u>Kan. Penn Gaming, LLC v. Collins</u>, 656 F.3d 1210, 1215 (10th Cir. 2011) (quoting <u>Pace v. Swerdlow</u>, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring)). To survive a Rule 12(b)(6) motion to dismiss--and, by extension, a Rule 12(c) motion for judgment on the pleadings--the complaint must give more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 570). Plaintiff's amended complaint contains numerous legal conclusions, but it is lacking in well-pleaded factual allegations upon which a § 1983 claim rooted in the First Amendment could be stated. Plaintiff does not specify the relevant speech protected by the Constitution, nor does he provide any details or context of the speech, as is necessary for a court to determine if the speech is protected by the First Amendment. <u>See</u> <u>Connick</u>, 461 U.S. at 147-48; <u>Dill v. City of Edmond, Okla.</u>, 155 F.3d 1193, 1203 (10th Cir. 1998). Even in his response--a document outside the pleadings--plaintiff gives only the vaguest information about

the speech, certainly not enough to allow defendants to respond. <u>See</u> Dkt. # 28, at 22-23. The factual allegations in the pleadings are insufficient to state a plausible claim for retaliation under § 1983.

Although it is unclear whether plaintiff intended to proceed under Title VII or § 1983, the pleadings do not state a claim upon which relief may be granted under either. Defendants' motion for judgment on the pleadings is granted as to plaintiff's claim for retaliation.

## V.

Plaintiff's third and final claim is that Fire Chief Driskell tortiously interfered with plaintiff's employment contract with the City of Tulsa.[10] Defendants argue that plaintiff fails to state a claim because defendants were party to the contract and, for that reason, could not have committed tortious interference. Under Oklahoma law, a tortious interference claim has four elements: "(1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage." <u>Wilspec Techs., Inc. v. DunAn Holding Grp., Co.</u>, 2009 OK 12, ¶ 15, 204 P.3d 69, 74 (citing <u>Mac Adjustment, Inc. v. Prop. Loss Res. Bureau</u>, 1979 OK 41, ¶ 5, 595 P.2d 427, 428). "Additionally, the claim is viable only if the interferor is not a party to the

---

[10]    Plaintiff titled this claim as one for "Tortious Interference with Economic Relationship." Dkt. # 8, at 8. Oklahoma law distinguishes between two similar torts, interference with contract or business relations and interference with prospective economic advantage, based on whether a business relationship existed between the parties at the time of the interference. <u>Fulton v. People Lease Corp.</u>, 2010 OK CIV APP 84, ¶¶ 29-30, 241 P.3d 255, 263. In <u>Fulton</u>, the court found that the phrase "interference with economic relations" was synonymous with interference with prospective economic advantage. <u>Id.</u> ¶ 31, 241 P.3d at 263. Nevertheless, the court treated the plaintiff's claim as one for interference with contract or business relations because she pled an existing economic relationship. <u>Id.</u> ¶ 31, 241 P.3d at 264. Likewise, the Court will treat plaintiff's claim as one for interference with contract or business relations because he refers to an existing relationship between himself and the City of Tulsa. Dkt. # 8, at 8.

contract or business relationship." Id. (citing Voiles v. Santa Fe Minerals, Inc., 1996 OK 13, ¶ 18, 911 P.2d 1205, 1209). The City of Tulsa is obviously a party to plaintiff's employment contract, so any claim for tortious interference against it must fail.

Defendants argue that Fire Chief Driskell was acting as the City of Tulsa's agent and, for that reason, should be treated as if he too is a party to the contract. An agent "cannot be liable for wrongfully interfering with a contract if [the agent] was acting in a representative capacity for a party to that contract." Voiles, ¶ 18, 911 P.2d at 1210 (citing Ray v. Am. Nat'l Bank & Trust Co., 1994 OK 100, ¶ 15, 894 P.2d 1056, 1060). "[B]ecause issues of agency are generally questions of fact, resolution through summary adjudication is disfavored." Roth v. Mercy Health Ctr., Inc., 2011 OK 2, ¶ 32, 246 P.3d 1079, 1090 (citing Reed v. Anderson, 1927 OK 334, ¶ 4, 259 P. 855, 856). "However, when the facts relied upon to establish the existence of the agency are undisputed and conflicting inferences cannot be drawn therefrom, the question of whether or not an agency existed as well as the powers and limitations thereof is one of law for the court." Elliott v. Mut. Life Ins. Co. of N.Y., 1939 OK 106, ¶ 6, 91 P.2d 746, 747. Plaintiff contends that, because defendants did not specify in their motion that Fire Chief Driskell was acting as agent for the City of Tulsa when he removed plaintiff from the Administrative Chief position, there is a question of fact as to Fire Chief Driskell's agency status. Dkt. # 28, at 24-25. The Court disagrees.

"Generally, an agent is one who is authorized to act for another." Traders Ins. Co. v. Johnson, 2010 OK CIV APP 37, ¶ 13, 231 P.3d 790, 793 (citing BLACK'S LAW DICTIONARY 64 (7th ed. 1999)). "The actual authority of an agent may be founded upon words which expressly confer upon him the power to act, or it may be implied from circumstances surrounding or attending the transaction." Elliott, ¶ 7, 91 P.2d at 747; see also Crest Res., Inc. v. Dan Blocker Petrol. Consultants,

865 F. Supp. 2d 1113, 1120 (N.D. Okla. 2012) ("Actual authority refers to responsibility a principal (1) intentionally confers upon an agent, (2) intentionally allows the agent to believe he possesses, or (3) by want of due care allows the agent to believe he possesses." (quoting Expro Ams., LLC v. Sanguine Gas Exploration, 351 S.W.3d 915, 920 (Tex. App. 2011))); RESTATEMENT THIRD OF AGENCY § 2.01 (2006) ("An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act."). The City charter directly confers on the Fire Chief the power to demote a firefighter. Dkt. # 23-1, at 4 ("No sworn member of the Fire Department shall be . . . demoted . . . except for good and sufficient cause and then only upon written charges filed by the Mayor or the Chief of the Fire Department."). Thus, the Fire Chief has actual authority to demote a firefighter and is an agent of the City of Tulsa for that purpose. In his amended complaint, plaintiff states that Fire Chief Driskell is Fire Chief of the TFD. Dkt. # 8, at 2. The e-mail that informed the TFD of plaintiff's return to the position of District Chief was a "general department e-mail." Id. at 7. Plaintiff classifies this e-mail as the "written charges" that the City charter requires the Fire Chief to provide when demoting a firefighter. Id. at 4; see also Dkt. 23-1, at 4. These and other references in the pleadings show that Fire Chief Driskell was acting as Fire Chief when he removed plaintiff from the Administrative Chief position. Therefore, Fire Chief Driskell was acting as the City of Tulsa's agent when he reassigned plaintiff, and as an agent he cannot be liable for tortious interference with plaintiff's employment contract. Voiles, ¶ 18, 911 P.2d at 1210. Defendants' motion for judgment on the pleadings is granted as to plaintiff's claim for tortious interference.

## VI.

Defendants argue that plaintiff's claims against Fire Chief Driskell in his official capacity should be dismissed entirely as duplicative of the claims against the City of Tulsa.[11] A suit against a person in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985) (citing <u>Monell v. N.Y.C. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.55 (1978)). Plaintiff initially argues that "if naming the officer in his official capacity is *another* way of pleading the action, it is not an improper way to plead the action." Dkt. # 28, at 25 (emphasis in original). However, plaintiff later admits that "the liability of the City of Tulsa is not separate or distinct from the liability of Defendant Driskell in his official capacity only." <u>Id.</u> at 26. As this Court has previously written, "[i]f a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed." <u>Griffin v. Indep. Sch. Dist. No. 1 of Tulsa Cnty., Okla.</u>, No. 13-CV-702-CVE-FHM, 2013 WL 6048988, at *3 (N.D. Okla. Nov. 14, 2013). The claims against Fire Chief Driskell in his official capacity are dismissed.

## VII.

Defendants argue that Fire Chief Driskell is entitled to qualified immunity for the claims against him in his individual capacity. Dkt. # 23, at 32. "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." <u>Maestas v. Lujan</u>, 351 F.3d 1001, 1007 (10th Cir. 2003) (quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)) (internal quotation marks omitted). Qualified immunity represents the "best attainable accommodation of competing values," namely the need to allow plaintiffs vindication for constitutional violations by government officials

---

[11]    <u>See</u> footnote 2, <u>supra</u>.

and the need to preclude costly and time-consuming litigation of meritless issues. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 813-14 (1982).

> Determining whether a defendant is entitled to qualified immunity involves answering two questions: (1) whether a plaintiff has asserted that the defendant violated a constitutional or statutory right, and if she has, (2) "whether that right was clearly established such that a reasonable person in the defendant's position would have known that his conduct violated that right."

<u>Keylon v. City of Albuquerque</u>, 535 F.3d 1210, 1218 (10th Cir. 2008) (quoting <u>Maestas</u>, 351 F.3d at 1007). In the context of a Rule 12(c) motion, courts "apply a heightened pleading standard, requiring the complaint to contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'" <u>Dill v. City of Edmond</u>, 155 F.3d 1193, 1204 (10th Cir.1998) (quoting <u>Breidenbach v. Bolish</u>, 126 F.3d 1288, 1293 (10th Cir.1997)). As discussed above, plaintiff has sufficiently pled a violation of his Fourteenth Amendment right to due process, so the Court will proceed to the second step of the analysis.

To determine if a right is "clearly established," courts must "assess[] the objective legal reasonableness of the action at the time of the alleged violation and ask[] whether 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" <u>Holland ex rel. Overdorff v. Harrington</u>, 268 F.3d 1179, 1186 (10th Cir. 2001) (quoting <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001)). "In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." <u>Brown v. Montoya</u>, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting <u>Stearns v. Clarkson</u>, 615 F.3d 1278, 1282 (10th Cir. 2010)). The current version of the City charter has been in place since 1989, and the

section dealing with the procedure for demoting a firefighter has not been amended since that time. Dkt. # 23-1, at 1, 4. There is Tenth Circuit precedent that an employee has a property interest in a position when the employer is restricted to demoting the employee for good cause. See Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998). There is ample precedent, both from the Supreme Court and the Tenth Circuit, that depriving an individual of a property interest without appropriate procedural protections is a violation of the Fourteenth Amendment. E.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); Merrifield v. Bd. of Cnty. Comm'rs for Cnty. of Santa Fe, 654 F.3d 1073, 1078 (10th Cir. 2011). The contours of an employee's right to due process when being demoted are, thus, sufficiently clear and established. Even bearing in mind that "qualified immunity leaves 'ample room for mistaken judgments,'" Harman v. Pollock, 446 F.3d 1069, 1077 (10th Cir. 2006) (quoting Malley v. Briggs, 475 U.S. 335, 343 (1986), it is not objectively reasonable to completely disregard an employee's right to due process. As plaintiff has pled sufficient facts to preclude granting qualified immunity, defendants' motion for judgment on the pleadings is denied as to Fire Chief Driskell's qualified immunity from suit.

## VIII.

Defendants alternatively moved for summary judgment (Dkt. # 24) under Rule 56 if, as has happened here, the Court did not dismiss all of plaintiff's claims as part of the motion for judgment on the pleadings. However, defendants' brief began not with a "section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists," LCvR 56.1(b), but instead with a section of "pertinent pleadings and other judicially-noticeable facts." Dkt. # 23, at 11. Further, the facts on which defendants would rely in a motion for summary judgment on plaintiff's remaining claim--those showing that plaintiff became Administrative Chief

in violation of the City charter--are vigorously disputed by plaintiff. Dkt. # 28, at 7-8. Neither plaintiff nor defendants provided significant evidence in support of their respective positions on the due process or qualified immunity issues. See FED. R. CIV. P. 56(e). There certainly is not enough evidence for the Court to determine that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Defendants' motion for summary judgment is denied as to plaintiff's due process claim and Fire Chief Driskell's qualified immunity defense. Defendants may seek leave of the Court to file an additional summary judgment motion in the future on any or all remaining issues, if they so choose. See LCvR 56.1(a).

**IT IS THEREFORE ORDERED** that defendants' motion for judgment on the pleadings, Dkt. # 23, is hereby **granted in part and denied in part**: it is granted as to plaintiff's retaliation and tortious interference claims; it is denied as to plaintiff's due process claim and Fire Chief Driskell's qualified immunity defense.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment, Dkt. # 24, is **denied without prejudice** as to plaintiff's due process claim and Fire Chief Driskell's qualified immunity defense.

**IT IS FURTHER ORDERED** that plaintiff's claims against Fire Chief Driskell in his official capacity are **dismissed without prejudice**.

**DATED** this 22nd day of October, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE