# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0152-CVE-FHM |
| ) | |
| CITY OF TULSA, and ) | |
| RAY DRISKELL, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court are plaintiff's motion to strike the answer of Ray Driskell in his individual capacity (Dkt. # 37) and Driskell's motion for leave to answer out of time (Dkt. # 47). Plaintiff filed his amended complaint on May 7, 2014 (Dkt. # 8). Summons for the City of Tulsa (the City) and "Ray Driskell c/o City of Tulsa Clerk" were returned executed on May 20, 2014. Dkt. ## 10, 11. Only one summons addressed to Driskell was issued. Driskell in his official capacity[1] and the City together filed an amended answer on June 3, 2014. All defendants, including Driskell in his individual capacity, together filed motions on August 5, 2014, seeking judgment on the pleadings (Dkt. # 23) or, in the alternative, summary judgment (Dkt. # 24). The Court granted defendants' motion for judgment on the pleadings as to plaintiff's second and third claims for relief, but it denied the motion as to the first claim for relief and it denied the motion for summary judgment. Dkt. # 33.[2] On October 30, 2014, plaintiff moved for an entry of default against Driskell in his individual

---

[1] Plaintiff alleged claims against Chief Driskell in both his individual and official capacities. Dkt. # 8, at 1.

[2] The Court dismissed plaintiff's claims against Driskell in his official capacity as duplicative of its claims against the City. Dkt. # 33, at 18.

capacity, arguing that Driskell had not filed an answer. Dkt. # 34. The Court Clerk declined to enter default (Dkt. # 35), and Driskell answered in his individual capacity on November 3, 2014. Dkt. # 36. Driskell did not initially seek leave of this Court to file his answer out of time. Plaintiff has moved to strike Driskell's answer as untimely and filed without the Court's permission. Dkt. # 38, at 1. The Court entered a minute order directing Driskell to file a motion requesting leave to answer out of time. Dkt. # 39. Driskell filed a combined response to plaintiff's motion to strike and the Court's minute order, stating that he was never served with process in his individual capacity. Dkt. # 42, at 1. Plaintiff replied that Driskell was personally served on May 15, 2014. Dkt. # 45. The Court entered another order, holding plaintiff's motion to strike in abeyance until Driskell complied with the earlier minute order. Dkt. # 46. Driskell subsequently filed his motion for leave to answer out of time, arguing that, if he should have answered earlier, excusable neglect exists to warrant an extension of time to answer. Dkt. # 47. Plaintiff responds that Driskell has waived his right to assert the insufficiency of service and that there has been no excusable neglect sufficient to warrant an extension of time. Dkt. # 49.

The record contains numerous factual disputes as to whether there was service on Driskell in his individual capacity. The one summons issued for Driskell is addressed to "Ray Driskell c/o City of Tulsa Clerk, 175 E. 2nd St., Suite 260, Tulsa, OK 74103," Dkt. # 11, at 1, which is the address of the City of Tulsa Clerk's Office. Dkt. # 42-1, at 1. The return of service states that Driskell was served at "175 E. 2nd St., Ste. # 260, Tulsa, OK 74103" at 3:34 p.m. on May 15, 2014. Dkt. # 11, at 2. In his affidavit, Driskell states that he "do[es] not recall receiving personal service from a process server in this matter," that he "ha[s] never received service in the City Clerk's office," that he "do[es] not reside in City Hall," and that he "never authorized the City Clerk to

2

accept service on [his] personal behalf." Dkt. # 42-2, at 1-2. The affidavits of a deputy city clerk and a legal secretary in the City's legal department state that neither city department accepted service on Driskell's behalf. Dkt. # 42-1, at 1-2; Dkt. # 42-4, at 1. In contrast, the affidavit of the process server who signed the return of service states that she contacted Driskell by cell phone on May 15, 2014 to arrange for service. Dkt. # 44-2, at 1. She states that a particular cell phone number belongs to Driskell, and she provided telephone records showing calls from her personal cell phone to the number identified as Driskell's. Id. at 1, 3. The process server further states that Driskell agreed to meet her in a parking lot adjacent to 175 East 2nd Street; she recalls that Driskell was sitting in a dark SUV in that parking lot, that she ran through the rain to reach Driskell, and that, when given the documents, Driskell stated "That's what I thought it was." Id. at 1-2. The evidence presented is contradictory, and the Court would be required to hold an evidentiary hearing to determine, at minimum, the credibility of Driskell and the process server in order to decide if Driskell was served in his individual capacity. However, the Court finds it unnecessary to make such a factual determination to resolve the parties' motions.

Under the Federal Rules of Civil Procedure, a plaintiff must serve a defendant "within 120 days after the filing of the complaint . . . ." FED. R. CIV. P. 4(m). A defendant's answer is due "within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(I). If the defendant does not answer within this time, "the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Courts look to four factors to determine if there has been excusable neglect: "1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable

3

control of the moving party, and 4) the existence of good faith on the part of the moving party."
Hamilton v. Water Whole Int'l Corp., 302 F. App'x 789, 798 (10th Cir. 2008)[3] (citing United States
v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004)). "[T]he determination whether a party's neglect
is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding
the party's omission.'" Torres, 372 F.3d at 1162 (quoting Pioneer Inv. Servs. Co. v. Brunswick
Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). "[I]nadvertence, ignorance of the rules, and mistakes
construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." Quigley v.
Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005).

The first factor in the excusable neglect analysis examines "the danger of prejudice to the
opposing party." Hamilton, 302 F. App'x at 798. The Court has reviewed Driskell's answer,
comparing it to the amended answer that the City and Chief Driskell in his official capacity filed on
June 3, 2014. See Dkt. ## 27, 36. They are for all substantive purposes identical; Driskell's name
was simply substituted for "the City" wherever it appeared, and the surrounding text was altered to
be grammatical. Compare, e.g., Dkt. # 27, at 3, with Dkt. # 36, at 2.[4] The factual admissions and
denials are the same, as are the asserted defenses. Compare Dkt. # 27, at 2-10, with Dkt. # 36, at 1-8.
Plaintiff argues that he would be prejudiced because, without Driskell's answer, he has been unable
to identify experts or to conduct adequate discovery prior to the Court's deadlines. Dkt. # 45, at 9-
10. In light of the identity between Driskell's answer and the City's amended answer, however, this
argument is unconvincing. Plaintiff could have gained no new information from Driskell's answer

---

[3] This and all other unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

[4] The substitution was not perfect; in several locations "the City" or "the City of Tulsa" remain. E.g. Dkt. # 36, at 3 ("The City of Tulsa denies the relief requested is appropriate.").

that he did not already possess. Plaintiff could have conducted any necessary discovery or identified experts prior to the filing of Driskell's answer, and plaintiff therefore would not be prejudiced if Driskell received leave to file his answer now. The first factor weighs in favor of finding excusable neglect.

The second factor in the analysis examines "the length of delay caused by the neglect and its impact on judicial proceedings." Hamilton, 302 F. App'x at 798. A defendant's answer is due "within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(I). The parties dispute the length of the delay. Plaintiff argues that Driskell was served in his individual capacity on May 15, 2014, making Driskell's answer due on June 5, 2014. Dkt. # 45, at 10. Driskell did not answer until November 3, 2014, almost five months later. Plaintiff further argues that allowing Driskell to file an answer out of time would likely delay trial because of plaintiff's inability to conduct discovery. Id. Driskell counters that he was never served in his individual capacity, and as a result there has been no delay because he was never required to answer. Dkt. # 47, at 6-7. Under either party's version, this factor favors finding excusable neglect. If Driskell is correct, then there has been no delay and no impact on the judicial proceedings. If plaintiff is correct, then there has been a five month delay but no impact on the judicial proceedings. Plaintiff's argument that the trial date may be delayed is without merit in light of the fact that, as discussed above, Driskell's answer could result in no new discovery. Further, although he had not answered, Driskell appeared and defended the case by filing and responding to motions. See Dkt. ## 21, 23, 24. Thus, any potential delay has had no impact on the litigation to this point, and it will have no impact moving forward. While the Court does not approve of the length of time the parties litigated the service issue, the lack

of any impact on the judicial proceedings caused by the delay weighs in favor of a finding of excusable neglect.

The parties' principal dispute concerns the third factor, "the reason for delay, and whether it was in the reasonable control of the moving party." Hamilton, 302 F. App'x at 798. "The reason for delay is an important, if not the most important, factor in this analysis." Id. (citing Torres, 372 F.3d at 1163). Driskell argues that the reason for the delay is plaintiff's alleged failure to serve him in his individual capacity with the summons and complaint. Dkt. # 47, at 6-7. Driskell relies on his own affidavit, the face of the summons, and the return of service, to state that service in his individual capacity never occurred. Dkt. # 47, at 6. Plaintiff argues that, by failing to assert insufficient process in one of his pre-answer motions, Driskell has waived insufficiency of service as a defense to plaintiff's motion to strike. Dkt. # 49, at 4. Plaintiff also argues that he complied with the Rule 4 requirements for service, as evidenced by the process server's affidavit and the return of service. Id. at 4-6.

Plaintiff contends that, pursuant to Rule 12, Driskell waived the defense of insufficient service because he failed to raise the argument in his first responsive motion. See Dkt. # 45, at 6-8; Dkt. # 49, at 12-13. A party waives certain defenses under Rule 12(b), including insufficiency of process, if the party "fail[s] to either: make it by motion under this rule; or include it in a responsive pleading . . . ." FED. R. CIV. P. 12(h)(1)(B). However, Rule 12(b) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." FED. R. CIV. P. 12(b) (emphasis added). Driskell's assertion that he was never served was not made as a defense to a claim for relief; it was made in response to plaintiff's motion to strike and as part of

his own motion to answer out of time. See Dkt. # 42, at 2; Dkt. # 47, at 6. The waiver of defenses found in Rule 12(h) does not apply to the motions before the Court.

Although both parties expend much effort to show that service was or was not proper, the Court cannot make that determination based on the evidence provided, and it need not do so to determine the weight of the third factor. Regardless of the actual events of May 15, 2014, the "reason for delay, and whether it was in the reasonable control of the moving party" is apparent. See Hamilton, 302 F. App'x at 798. Driskell's answer was delayed because he believed that he had not been served. Responsibility for the delay rests primarily with plaintiff, who issued a single summons addressed to ""Ray Driskell c/o City of Tulsa Clerk, 175 E. 2nd St., Suite 260, Tulsa, OK 74103." Dkt. # 11, at 1. It is a regular practice in some federal district courts to issue two summons to a single defendant sued in his individual and official capacities. See Turner v. Ky. Transp. Cabinet, No. 3:10-39-DCR, 2010 WL 5014516, at *1 (E.D. Ky. Dec. 3, 2010); Jones v. Britten, No. 4:06CV3314, 2008 WL 687061, at *2 (D. Neb. Mar. 7, 2008); but see Cruse v. Gibson, No. 1:10-cv-587, 2012 WL 1145861, at *3-4 (S.D. Ohio April 5, 2012); cf. Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1437-38 (10th Cir. 1994) (the Bureau of Alcohol, Tobacco, and Firearms was sufficient service on agents sued in their official capacity, but it was insufficient service on the same agents sued in their individual capacity); Olsen v. Mapes, 333 F.3d 1199, 1201 (10th Cir. 2003) (noting that plaintiff would be required to serve a defendant sued in his official capacity by registered or certified mail but would need to serve him in accordance with Rule 4(e) if he was sued in his individual capacity). Plaintiff's summons identifies the defendant as "Ray Driskell c/o City of Tulsa Clerk," and the address given is that of the City of Tulsa Clerk's Office. Dkt. # 42-1, at 1. At the time of service, Driskell had been sued in both his individual and official capacities. See Dkt.

7

# 8. It is thus understandable that Driskell would have interpreted the summons to be directed to him in his official capacity, not in his individual capacity.[5] As he believed that plaintiff had not served him in his individual capacity, Driskell would also have believed that he had no duty to file an answer. See FED. R. CIV. P. 12(a)(1)(A)(I). As the responsibility for the delay rests primarily with plaintiff, the third factor weighs in favor of a finding of excusable neglect.

The fourth and final factor is "the existence of good faith on the part of the moving party." Hamilton, 302 F. App'x at 798. Driskell states that his actions thus far demonstrate his good faith in requesting leave to answer out of time. Dkt. # 47, at 8. Plaintiff argues that Driskell's reliance on what plaintiff terms "false statements" about service shows that Driskell has not acted in good faith. Dkt. # 45, at 10. Whether Driskell's affidavit is untrue is, as discussed above, a matter that the Court cannot decide based on the information provided. The fact that most convincingly shows that Driskell is acting in good faith is that he filed his answer two business days after plaintiff first raised the possibility that Driskell should have answered. Such quick response to plaintiff's notification that Driskell had not answered reveals that Driskell did not intend to prejudice plaintiff or to affect the proceedings before this Court by failing to answer. Driskell has acted in good faith, and as a result the fourth factor weighs in favor of a finding of excusable neglect.

---

[5] Service on the City of Tulsa Clerk's Office would not have been sufficient service on Driskell in his individual capacity. Rule 4(e) describes the methods by which an individual within a judicial district of the United States may be served with process. These methods include, inter alia, "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(C). However, Driskell had not authorized the City of Tulsa Clerk's Office as his agent for service of process. Dkt. # 42-2, at 2. Thus, any service made on the City of Tulsa Clerk's Office would not have met the Rule 4 requirements for service on Driskell in his individual capacity.

The Court cannot know for certain if Driskell has filed his answer out of time. However, based on the weight of the factors--and bearing in mind that the decision is an equitable one--Driskell has shown excusable neglect for any failure to answer within the time allotted by Rule 12. See United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004). The Court finds, pursuant to Rule 6(b), that good cause exists to extend Driskell's time to answer in his individual capacity if he is indeed out of time. Plaintiff's motion to strike (Dkt. # 37) is denied. Driskell's motion for leave to answer out of time (Dkt. # 47) is granted nunc pro tunc.

**IT IS THEREFORE ORDERED** that plaintiff's motion to strike (Dkt. # 37), is hereby **denied**.

**IT IS FURTHER ORDERED** that Driskell's motion for leave to answer out of time (Dkt. # 47) is **granted nunc pro tunc**.

**DATED** this 3rd day of December, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE